KILDUFF v. JOHN A. ROEBLING SONS. (Circuit Court, S. D. New York. May 2, 1905.) Noble, Hubbard & Jackson, for the motion. Hess & Holstein, opposed.

LACOMBE, Circuit Judge. It will not be necessary to consider any question of the power of the court to direct production of the books and records referred to. In deciding this motion it is understood that plaintiff will produce at the trial all the witnesses, named in notice for examination at Pittsburg, who are in the employ of the Carbon Steel Company, and that he will also produce all the books and records, still in existence, which have been referred to. It is further understood that these books and records are now here for use on the trial, set for day after to-morrow, after repeated adjournments at defendant's request. Under these circumstances the court, assuming that it has the power, will not order them to be sent to Pittsburg for the purpose of facilitating the examination of witnesses whose testimony might have been taken months ago.

---

MISSISSIPPI WIRE GLASS CO. v. WIRE GLASS CO. et al. (Circuit Court, E. D. Pennsylvania. June 10, 1905.) No. 23. Motion for Preliminary Injunction. A. H. Wintersteen, A. J. Baldwin, and Kerr, Page & Cooper, for complainant. A. B. Stoughton and Wm. A. Glasgow, Jr., for respondents.

J. B. McPHERSON, District Judge. Without discussing the facts in detail at this preliminary stage of the litigation, I think it is enough to say now that the equities of the case appear to be sufficiently in favor of the complainant to justify the court in preserving the present status until final hearing. It is therefore ordered that complainant give bond in the usual form in the sum of $2,500, and that upon the filing thereof a preliminary injunction issue in accordance with the third and fourth prayers of the bill. For cause shown, either party may move to increase or reduce the amount of the bond.

---

MOORE v. BETTS. (District Court, E. D. Pennsylvania. May 27, 1905.) No. 5. In Bankruptcy. Charles F. Van Horn and G. Von Phul Jones, for plaintiff. Henry J. Scott, for defendant.

J. B. McPHERSON, District Judge. This case presented only questions of fact, and these have been decided by the verdict in favor of the trustee. There was sufficient evidence to justify the jury in finding for either party, and I see no preponderance against the verdict such as to require me to set it aside. The motion for a new trial is refused, and judgment may be entered upon the verdict.